**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:08CV-P17-M**

**TIMMY LEE WARNER**                                                           **PLAINTIFF**

v.

**MIKE SALLEE**                                                            **DEFENDANT**

**MEMORANDUM OPIION**

Plaintiff Timmy Lee Warner, an inmate at the Muhlenburg County Detention Center, initiated this *pro se* civil action under 42 U.S.C. § 1983. The complaint is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss this action in its entirety.

**I.**

Plaintiff brings this action against Mike Sallee, Jailer of the McLean County Detention Center. Plaintiff sues Defendant in both his individual and official capacities. According to Plaintiff, he was being transported from the McLean County Court in an old ambulance that the county uses to transport prisoners. Plaintiff states that as he was exiting the back door of the vehicle, his foot got caught on the back bumper causing him to "flip backwards and hit the concrete with my shackles still caught onto the bumper causing injuries to both my feet, legs, and back." Plaintiff was not immediately taken to the emergency room. Plaintiff alleges that there "was no step stool or railing nor help getting out from the vehicle."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.  Individual Capacity Claim**

Plaintiff has failed to directly connect Defendant Sallee to the accident. Indeed, it does not appear that Defendant Sallee was even present. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing the Defendant with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief against Defendant Sallee in his individual capacity, Plaintiff must show how Defendant is accountable because he was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Additionally, the Court observes that supervisory responsibility alone fails to state a claim of relief under § 1983. *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994). Absent allegations of Defendant Sallee's personal involvement in the incident about which Plaintiff complain, the complaint fails to state an individual capacity claim against him. As such, this claims will be dismissed.

**B.  Official Capacity Claim**

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "A Plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed

pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. "Beyond having to identify 'conduct properly attributable to the municipality itself,' [a plaintiff] must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted). For the purpose of initial review, it suffices to allege, that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 165 (1993).

Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his claim, and nothing in the record demonstrates that the alleged injuries to Plaintiff resulted from application of a municipal policy or custom. As such, the Court will dismiss his official capacity claim for failure to state a claim.

Additionally, the Court notes that as a general principle, a prison official has the duty to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825 (1994). A prison official is liable for failing to protect when a plaintiff proves the following: "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. In other words, a prison official must act with deliberate indifference. *See Roland v. Johnson*, 856 F.2d 764, 769 (6th Cir. 1988). A defendant acts with deliberate indifference when "he causes unnecessary and wanton infliction of pain . . . by deliberately disregarding a serious threat to [the inmate's] safety after actually becoming aware of that threat." *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990) (quoting lower court's deliberate indifference

jury instruction with approval).  Plaintiff's allegations in this case do not even come close to level of deliberate indifference required by the Sixth Circuit to state a claim under the Eighth Amendment/Due Process Clause.

At most, Plaintiff has alleged negligence on the part of Defendant.  However, the Eighth Amendment/Due Process Clause are not implicated by a state official's mere negligent acts where no deliberate indifference is alleged by the plaintiff.  *Daniels v. Williams*, 474 U.S. 327 (1986).  In *Daniels*, the Supreme Court explained:

> We think that the actions of prison custodians in leaving a pillow on the prison stairs, or mislaying an inmate's property, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person.  To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law. . . Where a government official's act causing injury to life, liberty, or property is merely negligent, "no procedure for compensation is constitutionally required."

*Id.* at 332 (internal citations omitted).

Accordingly, even if Plaintiff had properly pled that Defendant acted pursuant to an official policy, the Court would nonetheless have to dismiss this action for failure to state a claim because of the absence of deliberate indifference in this case.

The Court will enter an Order of dismissal consistent with this Memorandum Opinion.

Date:


cc:     Plaintiff, *pro se*
        Defendant
 4414.008

5